IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-479-RJC-DCK

| PERFICIENT, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| ELIZABETH PICKWORTH, | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss Or Transfer Venue" (Document No. 4). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Perficient, Inc. ("Plaintiff" or "Perficient") filed its "Verified Complaint And Motion For Injunctive Relief" (Document No. 1) ("Complaint") on August 26, 2011, in the Superior Court of Mecklenburg County, North Carolina. (Document No. 1-1). On September 23, 2011, Defendant Elizabeth Pickworth ("Defendant" or "Pickworth") filed a "Notice Of Removal" (Document No. 1) with this Court.

The Complaint alleges causes of action for: misappropriation of trade secrets; breach of contract; tortious interference with business expectancy; and unfair and deceptive trade practices. (Document No. 1-1). The Complaint also seeks preliminary and permanent injunctive relief. Id.

According to the Complaint, Defendant was employed by Plaintiff and its predecessor Exervio, from May 2008 until she resigned May 31, 2011. (Document No. 1-1, p.2). Perficient is an information technology and management consulting firm, and Exervio was engaged in the same principal business as Perficient. (Document No. 1-1, p.3).

In May 2008, "Defendant went to Charlotte, North Carolina to commence employment, attend orientation and sign her new hire paper-work." (Document No. 1-1, p.6). At that time, she signed an Employment Agreement ("Agreement"), which included a provision that the Agreement would be governed in accordance with the laws of North Carolina. (Document No. 1-1, pp.6-7) (citing Document No. 1-1, pp.24-28). The Agreement also "contains restrictions on Defendant's post-employment activities and the use and disclosure of Confidential Information." Id.

The Complaint further asserts that Defendant participated in regular weekly sales marketing meetings with staff in North Carolina and that she visited the Charlotte office at least once a year. (Document No. 1-1, p.9). Defendant was assigned to work on The Coca Cola Company account, and became the primary account manager for that account. Id. Plaintiff "acquired substantially all of the assets" of Exervio in April 2011, and continued to utilize Exervio's Charlotte headquarters after the acquisition. (Document No. 1-1, p.3). Plaintiff contends that as part of the acquisition, it acquired Exervio's rights under and in the Agreement. (Document No. 1-1, p.10). On or about May 31, 2011, Defendant voluntarily resigned her employment with Plaintiff. Finally, Plaintiff contends that within a month of her resignation, Defendant was operating her own consulting firm and engaged in conduct, particularly involving The Coca Cola Company, that violated the terms of the parties' Agreement. (Document No. 1-1, pp.12-13).

On October 14, 2011, Defendant filed the pending "Motion To Dismiss Or Transfer Venue" (Document No. 4) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In short,

Defendant contends that there are insufficient minimum contacts to establish personal jurisdiction in this forum, and that even if the Court finds that there is personal jurisdiction, this matter should be transferred to the United States District Court for the Northern District of Georgia because it is the most convenient forum. (Document No. 4). Defendant's "Motion To Dismiss..." has been fully briefed and is now ripe for disposition.

## II. STANDARDS OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(2)

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case, the plaintiff must

3

come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Questions of jurisdiction are answered by a two-step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. Gen Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49 (W.D.N.C. 1991). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997).

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004).

**B. Federal Rule of Civil Procedure 12(b)(3)**

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the

action. Static Control Components, Inc. v. Intersolution Ventures, Ltd., 2006 WL 2042900 at *10 (M.D.N.C. July 17, 2006) (citing Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). Where jurisdiction is founded on diversity of citizenship, venue is proper in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer is left to the sound discretion of the trial court." Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. Of Am., 753 F.Supp. 1315, 1322 (W.D.N.C. 1990). In determining whether to transfer a case, the plain language of the statute requires that the Court balance the convenience to the parties and witnesses, as well as the interests of justice. Id.

> In considering a motion to transfer, a court should consider, among other things, the plaintiff's initial choice of forum; the residence of the parties; the relative ease of access of proof; the availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses; the possibility of a view; the enforceability of a judgment, if obtained; the relative advantages and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; the administrative difficulties of court congestion; the interest in having localized controversies settled at home; the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflict of laws.

5

Commercial Equipment Co., Inc. v. Barclay Furniture Co., 738 F.Supp.974, 976 (W.D.N.C. 1990.

### III. DISCUSSION

**A. Personal Jurisdiction**

When a district court determines personal jurisdiction on the basis of briefs and the allegations in the complaint, without an evidentiary hearing, "the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Consulting Engineers, Inc. v. Geometric Limited, 561 F.3d 273, 278 (4th Cir. 2009) citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see also, Sweezy v. Specialized Bicycle Components, Inc., 3:08-CV-268-GCM, 2009 WL 382719 at *1 (W.D.N.C. Feb. 12, 2009). A federal court exercises personal jurisdiction over a defendant in the manner provided by state law. ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997); Fed.R.Civ.P. 4(k)(1)(A). "When evaluating personal jurisdiction, the trial court must engage in a two-step inquiry: first, the trial court must determine whether a basis for jurisdiction exists under the North Carolina long-arm statute, and second, if so, the trial court must determine whether the assertion of personal jurisdiction over the defendant is consistent with applicable due process standards." Brown v. Ellis, 696 S.E.2d 813, 817 (N.C. App. 2010) (quoting Cooper v. Shealy, 140 N.C.App. 729, 734, 537 S.E.2d 854, 857 (2000)).

**1. Long-Arm Statute**

The North Carolina long-arm statute authorizes the exercise of jurisdiction over a defendant in twelve circumstances. N.C. Gen. Stat. § 1-75.4(1)-(12). Plaintiff contends Defendant is subject to personal jurisdiction pursuant to N.C. Gen. Stat. § 1-75.4, but its Complaint does not identify which of the provisions of that statute Plaintiff contends are applicable. (Document No. 1-1, p.2).

Later, in response to the instant motion, Plaintiff asserts that this case falls under the provisions of Section 5(a), (b) and (d) of the North Carolina long-arm statute. (Document No. 15, p.9).

Plaintiff's opposition to the pending motion to dismiss or transfer (Document No. 4) argues that "North Carolina courts considering the North Carolina long-arm statute (N.C.G.S. § 1-75.4), have held it is the requirement of due process, **not the words of the long-arm statue**, that are the ultimate test of jurisdiction over a non-resident defendant." (Document No. 15, p.7) (citing Tom Togs, Inc. v. Ben Elias Ind., 318 N.C. 1986 (1986). Plaintiff further argues that the North Carolina long-arm statute is to be liberally construed in favor of finding personal jurisdiction, subject only to due process considerations. Id.

**2. Due Process**

If personal jurisdiction is authorized under the long-arm statute, a court must next consider whether there are sufficient contacts with the forum state to meet the requirements of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. There are two categories of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

    a. General Jurisdiction

"The Fourth Circuit has described the threshold level of minimum contacts required for general jurisdiction as 'significantly higher than for specific jurisdiction' and as 'very substantial, indeed.'" Sweezy, 2009 WL 382719 at *2 quoting EASB Group, 126 F.3d at 623-24. In the instant case, Plaintiff does not argue that there is general jurisdiction over the Defendant, focusing instead

7

on specific personal jurisdiction. (Document No. 15). "[T]his case is properly analyzed under the Specific Jurisdiction test." (Document No. 15, p.11). Moreover, the facts as alleged do not support a finding that Defendant's contacts with this forum were either substantial, or sufficiently continuous and systematic to meet the requirements for general jurisdiction.

### b. Specific Jurisdiction

Specific jurisdiction is based on the concept that a party who enjoys the privilege of conducting business in the forum state should bear the reciprocal obligation of answering to legal proceedings in that forum state. International Shoe v. Washington, 326 U.S. 310, 319 (1945). However, "to justify the exercise of personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must have been so substantial that 'they amount to a surrogate presence and thus render the sovereignty just.'" Consulting Engineers, 561 F.3d at 277-78 (quoting ESAB Group, 126 F.3d at 623). It is essential that a plaintiff show that a defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Each defendant's contacts with a forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984). As noted above, the Fourth Circuit has "synthesized the due process requirement for asserting specific personal jurisdiction in a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, Inc v. Digital Service Consultants, Inc., 293 F.3d at 712).

Pursuant to the foregoing, the resolution of the pending motion hinges on the significance of Defendant's contacts with North Carolina and whether Plaintiff's claims arise out of activities directed at North Carolina. In her "Affidavit" (Document No. 4-1) and her "Brief In Support Of Motion To Dismiss Or Transfer Venue" (Document No. 5), Defendant describes her contacts, and/or lack thereof, with North Carolina.

First, Defendant argues that she is not a resident of North Carolina and is not subject to personal jurisdiction in North Carolina. (Document No. 15, p.1). In further support of her contentions, Defendant asserts the following facts: (1) she has been a full time resident of Georgia continuously since 1995; (2) she holds a driver's license, votes, pays taxes, and owns real property in Georgia; (3) she does not reside, pay taxes, vacation, vote, hold a driver's license, or have financial accounts in North Carolina; (4) she does not purposefully avail herself of the benefits of North Carolina; (5) she has never had a physical office in North Carolina or had customers here; (6) her dealings with people in North Carolina have been infrequent and at the direct or indirect request of her employers; (7) she was hired by Exervio Management Consulting, Inc. ("Exervio"), later acquired by Plaintiff Perficient, in May 2008 after interviews in Atlanta, and an offer of employment was received and accepted while in Atlanta; and (8) in her position with Exervio, and later Perficient, she always worked in the Atlanta office and only served clients in Georgia. (Document Nos. 4-1, and 5).

Defendant acknowledges that she made approximately four (4) visits to North Carolina between May 2008 and April 2011 at the direction of Exervio, for orientation and/or training which lasted about one day each. (Document No. 4-1). Defendant further contends that she has participated in no more than three (3) weekly sales calls with personnel in North Carolina working for Plaintiff, and that Exervio's Atlanta office did not conduct weekly sales calls with personnel in

9

North Carolina. Id. Defendant has not traveled to North Carolina since Exervio was acquired by Perficient, on or about April 1, 2011. Id.

Perhaps even more compelling than her limited contacts with North Carolina is Defendant's argument that specific jurisdiction fails under the second element of the test because the Complaint does not show that the claims against Plaintiff arose out of activities directed at North Carolina. (Document No. 5, pp.11-12). Plaintiff's alleged wrongdoing appears to only involve actions taken in Georgia. Id.; see also (Document No. 1-1).

In response, Plaintiff contends that Defendant purposefully availed herself of the benefits and protections of North Carolina law by: conducting telephone interviews with employees in Exervio's North Carolina office; accepting a position with a North Carolina business; coming to North Carolina to train; signing an Agreement in North Carolina, with a North Carolina choice of law clause; visiting North Carolina on more than one occasion; having regular contacts with a North Carolina office; and being managed out of a North Carolina office. (Document No. 15, pp.1-3).

Plaintiff argues that breaching a contract entered into in North Carolina is sufficient for long-arm jurisdiction in North Carolina. (Document No. 15, p.8) (citing Century Data Sys., Inc. v. McDonald, 428 S.E.2d 190, 192-194 (N.C. App. 1993). Relying on Century Data, Plaintiff suggests that a court need not focus on a prior physical presence in North Carolina, where Defendant entered into a contract in North Carolina and the current lawsuit arises from Defendant's alleged breach of that contract. (Document No. 15, pp.8-9).

The undersigned observes that

> When a court determines whether the consummation of a contract provides a sufficient basis for personal jurisdiction, the court must consider: "1) where the contract was negotiated and executed, 2)

> who initiated the contact, 3) the extent of the communications, both telephonic and written, between the parties, and 4) where the obligations of the parties under the contract were to be performed."

Noble Security, Inc. v. MIZ Engineering, Ltd., 611 F.Supp. 2d 513, 530 (E.D.Va. 2009)

First, the Court recognizes the relevance of the North Carolina choice of law provision in the contract at the center of this dispute, but also observes that there is no forum selection clause. "[W]hile a choice of law provision may be one factor in considering personal jurisdiction, a choice of law provision standing alone does not confer personal jurisdiction." Mountain Funding, LLC v. Wieder Jewelers, Inc., 3:10-CV-265-RJC-DCK, 2011 WL 1130888 at *6 (W.D.N.C. Jan. 13, 2011) (quoting Consulting Engineers, 561 F.3d at 281)(affirming district court's dismissal of lawsuit because plaintiff failed to demonstrate the defendants had sufficient contacts, despite the existence of a choice of law provision in a contract between the parties); see also, Noble Security, Inc., 611 F.Supp. 2d at 531; and Setra of North America, Inc. v. Schar, 2004 WL 1554195 at *5 (M.D.N.C. July 7, 2004)("simply entering into a contract in a state is not enough, by itself, to establish personal jurisdiction.").

Next, the undersigned notes that the parties' papers indicate that the underlying contract was negotiated and accepted in Georgia, then signed in North Carolina. (Document No. 4-1, p.2; Document No. 15-1, p.2). It is unclear to the undersigned who initiated the contact between Exervio and Defendant.

There seems to be disagreement between the parties regarding the extent of communications between the parties, although there is no dispute that Defendant's manager was located in North Carolina. (Document No. 4-1, p.5; Document No. 15-1, p.2). Specifically, Plaintiff asserts that Defendant "participated in weekly sales calls with several senior leaders in North Carolina"; while Defendant contends that she "participated in no more than three of the weekly sales calls with

11

personnel from North Carolina while working for Perficient" and that "Exervio's Atlanta Office did not conduct weekly sales calls with personnel in North Carolina." (Document No. 15, p.12; Document 4-1, p.5).

Finally, Plaintiff correctly asserts that pursuant to the Agreement Defendant was "responsible for performing duties at such place or places as the Company shall designate." (Document No. 15, p.4; Document No. 1-1, p.24). However, the facts also support Defendant's position that she interviewed for and accepted employment in the Atlanta office, only worked with clients in Georgia, and thus her obligations to Exervio, and later Perficient, were intended to be, and actually were performed, in Georgia. (Document No. 4-1, p.3).

After applying a similar analysis, the Fourth Circuit has opined that "[t]he jurisdictional inquiry remains centered on the extent, nature, and quality of [Defendant's] contacts with [North Carolina]. Consulting Engineers, 561 F.3d at 281. Furthermore, "the Fourth Circuit has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc., et al., 982 F.Supp. 350, 353 (D.Md. 1997). Here, the undersigned cannot find that Defendant's contacts are tantamount to a physical presence in North Carolina.

Applying the appropriate test of specific jurisdiction, even if Plaintiff established that Defendant purposefully availed herself of the privilege of conducting activities in North Carolina, Plaintiff has failed to show that its claims arise out of activities directed at North Carolina. See Consulting Engineers, 561 F.3d at 278. Plaintiff concludes that Defendant's alleged breaches "arise directly from her employment relationship with Exervio and Perficient *in North Carolina*," and "[t]herefore, Perficient's claims against Defendant arise solely out of her contact with Perficient in

North Carolina, and satisfy the second part of the test for specific jurisdiction." (Document No. 15, p.15). The undersigned respectfully disagrees.

Certainly Plaintiff's claims involve Defendant's contract with a North Carolina company that was apparently executed in North Carolina; however, the claims in this lawsuit do not involve activities directed at North Carolina. Rather, the claims involve activities in Georgia, directed at Georgia businesses, including The Coca Cola Company. (Document No. 1-1, pp.15-19). A plain reading of the Complaint shows that Plaintiff's claims of misappropriation of trade secrets, breach of contract, tortious interference with business expectancy, and unfair and deceptive trade practices, all arise out of Defendant's activities in Georgia. This reasoning alone supports a finding that this Court lacks specific jurisdiction. Consulting Engineers, 561 F.3d at 278-279.

Construing all relevant pleadings in the light most favorable to Plaintiff, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the undersigned does not find that application of the Fourth Circuit's three-part test for specific jurisdiction supports Plaintiff's position. See Consulting Engineers, 561 F.3d at 278 (quoting ALS Scan, 293 F.3d at 712). Plaintiff has not met its burden of showing by a preponderance of the evidence that Defendant purposefully availed herself of the privilege of conducting activities in this State, that its claims arise out of activities directed at North Carolina, or that the exercise of personal jurisdiction would be constitutionally reasonable. The alleged contacts, as well as the alleged wrongdoing, simply appear to be too attenuated. Based on the foregoing, the undersigned will respectfully recommend that the Defendant's motion to dismiss be granted.

**B. Venue**

In the alternative, Defendant contends that this case should be transferred to Georgia pursuant to 28 U.S.C. § 1404(a), because Georgia is the most convenient forum. (Document No.

5, p.15). Although the undersigned is persuaded that this Court lacks personal jurisdiction over this matter, even if jurisdiction were appropriate, this matter should be transferred to the Northern District of Georgia. Questions regarding transfer under § 1404(a) are within the district court's discretion and "a court need not have personal jurisdiction over a defendant to transfer a case pursuant to § 1404(a)." Boyd v. Koch Foods, 2011 2413844 at *2 (E.D.N.C. June 10, 2011).

> Courts consider numerous factors in determining whether transfer is appropriate. These factors include the convenience of the witnesses, where the events occurred that gave rise to the action, the residences of the parties, plaintiff's initial choice of forum, the availability of compulsory process, and the law which will govern the dispute. . . . Plaintiff's choice of forum is ordinarily accorded considerable weight, but that weight is lessened when the conduct giving rise to the complaint did not occur in the forum.

Id. (internal citations omitted).

Here, as in Boyd, the undersigned finds that the alleged actions giving rise to Plaintiff's claims occurred in another state. Moreover, the Court's inability to compel non-party witnesses in Georgia to attend a trial in this district favors transfer. The undersigned is persuaded that the bulk of the evidence and witnesses are more likely to be in the forum where the alleged wrongdoing occurred.

Finally, the undersigned notes that Defendant is a resident of Georgia and that Plaintiff is a Delaware corporation with its principal place of business in Missouri. (Document No. 1-1). Purportedly, Plaintiff maintains offices in this district, as well as in the Northern District of Georgia. Although Plaintiff chose this forum, and the contract at issue contains a North Carolina choice of law provision, the undersigned finds that the totality of circumstances supports transfer to Georgia.

14

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion To Dismiss Or Transfer Venue" (Document No. 4) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad.

**IT IS SO RECOMMENDED**.

Signed: January 17, 2012

David C. Keesler
United States Magistrate Judge