# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-479-RJC-DCK

| | | |
|---|---|---|
| **PERFICIENT, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ELIZABETH PICKWORTH,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss or Transfer Venue, (Doc. No. 4), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 19), Plaintiff's Objections to the M&R, (Doc. No. 20), Defendant's Response to Plaintiff's Objections, (Doc. No. 23), and Plaintiff's Motion to Amend, (Doc. No. 25).

## I. BACKGROUND

In May 2008, Defendant Elizabeth Pickworth ("Defendant") accepted a position with the Atlanta, Georgia office of Exervio Management Consulting, Inc. ("Exervio"). Exervio was a North Carolina management consulting firm with offices in North Carolina, Georgia and Texas. Defendant was interviewed in Georgia and the offer of employment was transmitted to her in Georgia. When Defendant accepted employment, she did so in Georgia by signing an Employment Agreement ("Agreement"), which was then faxed to Exervio's North Carolina office. The Agreement included a North Carolina choice of law provision. The Agreement also contained restrictions on Defendant's post-employment activities and the use and disclosure of confidential information.

Defendant was hired to perform consulting services from Exervio's Atlanta office. She spent the first two months of her employment in the Atlanta office, until she was assigned to her

first client, AT&T. Defendant worked at the Atlanta offices of AT&T until the AT&T assignment was completed in January of 2010. She then returned to Exervio's Atlanta office for the next two months until she was assigned to a new client, Coca Cola. From then until the termination of her employment in May of 2011, Defendant worked out of the Atlanta offices of Coca Cola. Defendant never serviced clients outside of Georgia.

During her employment with Exervio, Defendant made approximately four visits to North Carolina between May 2008 and April 2011, for orientation and/or training which lasted about one day each. Defendant also participated in approximately three sales calls with company personnel in North Carolina. Defendant has not traveled to North Carolina since April 2011.

Plaintiff Perficient, Inc. ("Plaintiff") is a Delaware corporation with offices throughout the world. In April 2011, Plaintiff "acquired substantially all of the assets" of Exervio, and continued to utilize Exervio's Charlotte headquarters after the acquisition. On or about May 31, 2011, Defendant's employment with Plaintiff ceased. Plaintiff contends that within a month of her resignation, Defendant was operating her own consulting firm in Georgia and engaging in conduct, particularly involving the Coca-Cola Company, that violated the terms of the parties' Agreement.

Plaintiff filed its Verified Complaint and Motion for Injunctive Relief ("Complaint"), (Doc. No. 1-1), on August 26, 2011 in the Superior Court of Mecklenburg County, North Carolina. On September 23, 2011, Defendant filed a Notice of Removal, (Doc. No. 1), with this Court. The Complaint alleges causes of action for: (1) misappropriation of trade secrets; (2) breach of contract; (3) tortious interference with business expectancy; and (4) unfair and deceptive trade practices. (Doc. No. 1-1 at 1). The Complaint also seeks preliminary and

2

permanent injunctive relief. (Id.).

On October 14, 2011, Defendant filed a Motion to Dismiss or Transfer Venue ("Motion"), (Doc. No. 4), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). In her Motion, Defendant contends that there are insufficient minimum contacts to establish personal jurisdiction in North Carolina, and that even if the Court finds that there is personal jurisdiction, this matter should be transferred to the United States District Court for the Northern District of Georgia because that forum would be more convenient. Plaintiff filed a Response in Opposition to Defendant's Motion, (Doc. No. 15), on October 14, 2011.

On January 17, 2012, the Magistrate Judge issued an M&R recommending that the Court grant Defendant's Motion to Dismiss for lack of personal jurisdiction or, in the alternative, transfer the matter to the Northern District of Georgia. (Doc. No. 19). On February 2, 2012, Plaintiff filed Objections to the M&R, (Doc. No. 20), objecting to the Magistrate Judge's findings that this Court lacks personal jurisdiction over Defendant and that the totality of the circumstances supports a transfer to Georgia. Defendant filed a Response to Plaintiff's Objections on February 21, 2012, (Doc. No. 23), and Plaintiff filed a Reply, (Doc. No. 24), on February 28, 2012.

Plaintiff filed a Motion to Amend Complaint on March 8, 2012. (Doc. No. 25). In the Motion to Amend, Plaintiff moves to correct the location where the employment agreement between the parties was signed. In its original Complaint, Plaintiff stated that Defendant signed the employment agreement in North Carolina. Instead, Defendant signed the agreement in Georgia. On March 26, 2012, Defendant filed a Response to Plaintiff's Motion, (Doc. No. 26), requesting that the Court grant Plaintiff's Motion to Amend but disregard Plaintiff's additional arguments and briefing. This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has reviewed the Magistrate Judge's M&R.

## III. ANALYSIS

### A. Plaintiff's Motion to Amend Complaint

On March 8, 2012, Plaintiff filed a Motion to Amend Complaint, (Doc. No. 25), stating that Plaintiff actually signed the agreement in Georgia, not North Carolina. Defendant filed a Response to Plaintiff's Motion, (Doc. No. 26), on March 26, 2012 requesting that the court grant the Motion to Amend but disregard any supplemental arguments and briefing.

Rule 15(a)(2) states that after an answer has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In Defendant's Response to the Motion to Amend, (Doc. No. 26), Defendant "requests that the Court GRANT Perficient's

4

request to amend its pleadings to show that Ms. Pickworth signed her agreement in Georgia," but disregard any further briefing by Plaintiff. (Doc. No. 26 at 4). Defendant's statement satisfies Rule 15(a)(2)'s opposing party consent requirement as to the location where the agreement was signed.

Accordingly, the Court will **GRANT** Plaintiff's Motion to Amend, (Doc. No. 25), for the limited purpose of correcting where the employment agreement was signed. The Court will not, however, treat such a limited correction as a superseding complaint. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (finding that in general "an amended pleading supersedes the original pleading, rendering the original pleading of no effect").

B. Jurisdiction

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005) (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). "But when, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." Combs, 886 F.2d at 676; see also In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). Under such circumstances, courts "must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs, 886 F.2d at 676; see also Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004).

There are two varieties of personal jurisdiction, general and specific. General

jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Helicopterous Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984). Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum. Id. at 414 n.8. The Fourth Circuit has "synthesized the requirements of the Due Process Clause for asserting specific jurisdiction into a three-part test . . . (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." New Wellington Fin. Corp., 416 F.3d at 294-95 (citing Mitrano, 377 F.3d at 407; ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)). Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to establish specific jurisdiction under the first two parts of the Fourth Circuit's three-part test.

    1.    The extent to which Defendant purposely availed herself of the privilege of conducting activities in North Carolina

Plaintiff first objects to the M&R stating that "the Magistrate incorrectly focused on Defendant's physical absence from North Carolina rather than Defendant's actual contact with the state." (Doc. No. 20 at 2). Plaintiff states "Courts 'have consistently rejected the notion that an absence of physical contact can defeat personal jurisdiction there.'" (Doc. No. 20 at 9) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). Plaintiff also lists the contacts Defendant had with North Carolina stating, "Defendant exclusively and regularly used and interacted with recruiting and administrative resources of the business located in North Carolina to assist Coca-Cola, providing staffing needs, process time, expenses and invoices,

collect receivables, and handle personnel matters." (Doc. No. 20 at 11). Plaintiff adds:

> Defendant also had numerous non-physical contacts with the state. For the three years she was employed by Plaintiff, she had telephone conferences with other employees in North Carolina; she regularly used recruiting resources in North Carolina; her compensation and benefits were administered and issued from North Carolina; her purchase orders were processed through the North Carolina office; her manager, Jon Nance, lived in North Carolina; and Defendant agreed that management in North Carolina would control her employment.

(Id.).

In response to Plaintiff's objections, Defendant Pickworth states:

> Elizabeth Pickworth is an individual and resident of Georgia. She moved to Georgia in 1995. Since then she has continuously resided in Georgia, has continuously held a Georgia driver's license, has owned real property in Georgia, has paid Georgia state income tax, has paid Georgia ad valorem taxes, and has voted in Georgia. Ms. Pickworth is not now and never has been a resident of North Carolina. She does not own property in North Carolina, does not reside in North Carolina, does not pay taxes in North Carolina, does not vacation in North Carolina and does not purposefully avail herself of the benefits of North Carolina. She has never had a physical office in North Carolina, has never had a North Carolina driver's license, has never registered to vote in North Carolina, has never had customers in North Carolina and has never had financial accounts in North Carolina, whether business, professional or personal.

(Doc. No. 23 at 2-3). Defendant concedes that she occasionally made telephone calls to North Carolina, occasionally traveled to North Carolina when instructed by her employer, and signed an Employment Agreement that Exervio drafted specifying that North Carolina law would apply. (Id. at 5). However, Defendant argues that these contacts with North Carolina were not initiated by her own volition but instead were all at the direction of her employer. (Id.).

The Magistrate Judge recognized the relevance of the North Carolina choice of law provision in the Agreement, but also observed that the Agreement does not contain a forum selection clause. (Doc. No. 19 at 11). While a choice of law provision may be one factor in considering personal jurisdiction, a choice of law provision standing alone does not confer personal jurisdiction. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 281 (4th Cir.

7

2009) (affirming district court's dismissal of lawsuit because plaintiff failed to demonstrate that defendants had sufficient contacts, despite the existence of a choice of law provision in a contract between the parties).

As the Magistrate Judge noted, there is disagreement between the parties regarding the extent of their communications, although there is no dispute that Defendant's manager was located in North Carolina. (Doc. Nos. 4-1 at 5; 15-1 at 2). Plaintiff asserts that Defendant "participated in weekly sales calls with several senior leaders in North Carolina," while Defendant contends that she "participated in no more than three of the weekly sales calls with personnel from North Carolina while working for Perficient." (Doc. Nos. 15 at 12; 4-1 at 5). Pursuant to the Agreement, Defendant was "responsible for performing duties at such place or places as the Company shall designate." (Doc. Nos. 15 at 4; 1-1 at 24). However, the facts also support Defendant's position that she interviewed for and accepted employment in Georgia, signed the Agreement in Georgia, only worked with clients in Georgia, and thus her obligations to Exervio, and later Perficient, were intended to be, and actually were performed, in Georgia. (Doc. No. 4-1 at 3). After applying a similar analysis, the Fourth Circuit opined that "[t]he jurisdictional inquiry remains centered on the extent, nature, and quality of [Defendant's] contacts with [North Carolina]." Consulting Eng'rs, 561 F.3d at 281. The Fourth Circuit "has made it clear that due process requires that a defendant's contacts with the forum state be tantamount to physical presence there." Ritz Camera Centers, Inc. v. Wentling Camera Shops, Inc., 982 F.Supp. 350, 353 (D. Md. 1997). This Court agrees with the Magistrate Judge that Defendant's contacts are not tantamount to a physical presence in North Carolina.

The Court also finds that Defendant did not purposefully avail herself of conducting activities in the state. Defendant did not go to North Carolina to seek employment, did not

8

solicit Exervio for employment in North Carolina and did not sell goods or services in North Carolina. Instead, Defendant searched for a job in Georgia, interviewed with people from Exervio in Georgia, accepted a position in Georgia and spent the vast majority of her employment, whether at Exervio or at a client of Exervio's, in Georgia. Plaintiff failed to establish the first part of the Fourth Circuit's three-part specific jurisdiction test. See New Wellington Fin. Corp., 416 F.3d at 295.

        2.       Whether Plaintiff's claims arise out of activities directed at North Carolina

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff failed to satisfy the second factor for specific jurisdiction that requires Plaintiff's claim to arise out of activities directed at the state. Plaintiff contends that "[i]n addressing the second prong of the specific jurisdiction test, the Magistrate applied the incorrect standard, relied on unsupported propositions of law, and invented facts not supported by the record." (Doc. No. 20 at 13).

This Court agrees with the Magistrate Judge's finding that even if Plaintiff established that Defendant purposefully availed herself of the privilege of conducting activities in North Carolina, Plaintiff has failed to show that its claims arise out of activities directed at North Carolina. See Consulting Eng'rs, 561 F.3d at 278. Plaintiff argues that Defendant's alleged breaches "arise directly from her employment relationship with Exervio and Perficient in North Carolina," and "[t]herefore, Perficient's claims against Defendant arise solely out of her contact with Perficient in North Carolina, and satisfy the second part of the test for specific jurisdiction." (Doc. No. 15 at 15). While Plaintiff's claims involve Defendant's contract with a North Carolina company, the claims do not involve activities directed at North Carolina. Rather, the claims involve activities in Georgia, directed at Georgia businesses, including The Coca Cola Company. (Doc. No. 1-1 at 15-19). The Magistrate Judge properly noted that "[a] plain reading

9

of the Complaint shows that Plaintiff's claims of misappropriation of trade secrets, breach of contract, tortious interference with business expectancy, and unfair and deceptive trade practices all arise out of Defendant's activities in Georgia. This reasoning alone supports a finding that this Court lacks specific jurisdiction." (Doc. No. 19 at 13); Consulting Eng'rs, 561 F.3d at 278-79.

        3.      Whether the exercise of personal jurisdiction is constitutionally reasonable

Plaintiff's final objection with regard to jurisdiction is that "the Magistrate failed to address the third prong of the Specific Jurisdiction test." (Doc. No. 20 at 18). However, because the Magistrate Judge found that at least one of the first two prongs was not satisfied, he was not required to consider the third prong. Noble Sec., Inc. v. MIZ Eng'g, Ltd., 611 F. Supp. 2d 513, 530 (E.D. Va. 2009).

This Court agrees with the Magistrate Judge's finding that after construing all relevant pleadings in the light most favorable to Plaintiff, assuming credibility, and drawing the most favorable inferences for the existence of jurisdiction, the application of the Fourth Circuit's three-part test for specific jurisdiction does not support Plaintiff's position. See Consulting Eng'rs, 561 F.3d at 278 (quoting ALS Scan, 293 F.3d at 712). Plaintiff has not met its burden of showing by a preponderance of the evidence that Defendant purposefully availed herself of the privilege of conducting activities in North Carolina, that its claims arise out of activities directed at North Carolina, or that the exercise of personal jurisdiction over Defendant would be constitutionally reasonable. The alleged contacts, as well as the alleged wrongdoing, are simply too attenuated to confer jurisdiction. J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2801 (2011).

C. Venue

Plaintiff also objects to the Magistrate Judge's finding that even if jurisdiction in this Court were appropriate, venue is not. Plaintiff states that "the Magistrate fail[ed] to provide any facts to support his conclusions, he also fail[ed] to give his conclusions correct weight required by [the] Court, and appears to overlook that the Defendant has the burden to prove that the balance of factors 'strongly weigh' in favor of transfer." (Doc. No. 20 at 21). Because this Court does not have personal jurisdiction over Defendant, it need not reach the issue of venue. Defendant's Motion to Dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(2).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Leave to Amend, (Doc. No. 25), is **GRANTED**;

2. The Magistrate Judge's M&R, (Doc. No. 19), is **AFFIRMED**; and

3. Defendant's Motion to Dismiss or Transfer Venue, (Doc. No. 4), is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(2).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge